Argued June 17, writ allowed July 1, 1919.

# STATE EX REL. *v.* HURLBURT.

### (182 Pac. 169.)

**Mortgages—Redemption—Retroactive Statute.**

1. A state statute, which authorizes the redemption of property sold on foreclosure of a mortgage where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage.

**Constitutional Law—Impairment of Contract Right—Redemption of Mortgage.**

2. Laws of 1917, page 736, amending Section 248, L. O. L., relating to redemption from mortgage sales, is inapplicable to mortgages executed prior to enactment thereof, in so far as it gives mortgagor who has sold property right to redeem, and in so far as it extends period of redemption from one year to one year and ten days, for to apply amendment to such mortgagor would impair contract rights.

[As to laws relating to redemption, see note in 120 **Am. St. Rep.** 479.]

**Courts—Rules of Decision—United States Supreme Court.**

3. The state Supreme Court will accept decision of United States Supreme Court upon a question arising under the Constitution of the United States, though logic of the opinion seem questionable to state court.

**Names—Idem Sonans.**

4. Mortgage foreclosure complaint and decree of sale, describing property as in "Blackistone Addition," was not fatally defective, though mortgage described property as in "Blackstone addition"; "Blackistone" and "Blackstone" being idem sonans.

Original proceedings in *mandamus* in Supreme Court.

In Banc.

This is an original proceeding by *mandamus,* to compel the defendant, who is sheriff of Multnomah County, to execute in favor of plaintiff a sheriff's deed to certain property sold by him to plaintiff's predecessor in interest. The facts are as follows:

On May 15, 1916, Melvin A. Smith executed a mortgage in favor of Augusta Rosin, covering a tract of

land in Blackistone Addition to Portland, to secure the payment of $2,000, due in three years, with interest at eight per cent, payable quarterly, which mortgage was recorded May 18, 1916.

On January 21, 1918, default having been made in the terms of the mortgage, Augusta Rosin instituted a foreclosure proceeding in the Circuit Court of Multnomah County against Melvin A. Smith and Eva M. Duggan, Smith having conveyed the land to Eva M. Duggan March 8, 1917, subject to the above-mentioned mortgage, said deed being recorded April 2, 1917.

On April 5, 1918, judgment was rendered in favor of plaintiff Augusta Rosin against Smith for $2,000, with interest at eight per cent from February 28, 1917, and the further sum of $125 as attorney's fees, and costs and disbursements in the amount of $25.80, and on April 11, 1918, execution issued under which the sheriff sold the above-described property to Augusta Rosin for $2,000, leaving in favor of Augusta Rosin a deficiency judgment which was subsequently satisfied by levying against additional property of Smith.

On May 25, 1918, said sale was confirmed, the order instructing and authorizing the sheriff to make and deliver to Augusta Rosin, or her successors, heirs or assigns, a deed of conveyance, conveying the above described real property to her, or her successors, heirs or assigns, after the expiration of one year from date thereof.

Subsequent to the institution of the above foreclosure proceeding, Eva M. Duggan and her husband conveyed the above-described property to C. H. Van Allen, the deed being dated March 25, 1918, and recorded May 18, 1918.

On April 17, 1919, Van Allen and wife conveyed all their interest in said property to Akerson, Gooch

& Co., Inc., relator herein.   This deed was recorded April 17, 1919.

On April 30, 1919, Augusta Rosin and her husband conveyed all their right, title and interest in said property to the said Akerson, Gooch & Co., Inc., which deed was recorded May 2, 1919, and on May 1, 1919, assigned, set over and transferred all her right, title and interest in the sheriff's certificate of sale issued by the sheriff in the above foreclosure, which certificate of sale was recorded May 22, 1919.

On May 27, 1919, the relator herein presented said certificate of sale to the sheriff of Multnomah County, and demanded the execution and delivery of a deed, more than one year having elapsed since the confirmation of said sale, and no redemption having been made. Prior or subsequent thereto, the above-mentioned Melvin A. Smith served a notice on the relator and on the sheriff of Multnomah County, notifying said persons that he would apply to the sheriff of Multnomah County for a certificate of redemption from the above-mentioned sale on the third day of June, 1919.

On May 27, 1919, at the time demand was made for the delivery of the deed by the sheriff to the relator, the sheriff refused to execute said deed, in view of the above notice.

At the time the mortgage on which the above foreclosure proceeding was based was executed, to wit: May 15, 1916, a judgment debtor could, at any time prior to the confirmation of such sale, and also within one year after confirmation of said sale, redeem the property, paying the amount of the purchase money, with interest thereon at the rate of 10 per cent per annum from date of sale, together with the amount of any taxes the purchaser may have been required to pay thereon: Section 248, L. O. L.

On May 21, 1917, Section 248, L. O. L., was amended, as concerns the period of redemption, in that a judgment debtor, who had either before or after sale transferred his interests in the property foreclosed, should be precluded from the right to redeem, unless the proceeds from the sale of said property was insufficient to satisfy the judgment, in which event the judgment debtor should have the right to redeem from said sale at any time within ten days after the year allowed by Section 248 for redemption, and not otherwise: Laws 1917, Chap. 352, p. 736.

Plaintiff prosecutes this proceeding, claiming that Section 248, L. O. L., as amended by Chapter 352, 1917 Laws, is unconstitutional and void as applied to judicial sales on mortgages executed prior to the passage of said act, for the reason that it extends the time, within which the judgment debtor is permitted to redeem, to a period beyond that prescribed by the statute in force when the mortgage was executed.

                                    WRIT ALLOWED.

For plaintiff there was a brief over the name of *Messrs. Ridgway & Johnson,* with an oral argument by *Mr. Albert B. Ridgway.*

For defendant there was a brief and an oral argument by *Mr. John K. Kollock.*

McBRIDE, C. J.—It requires no argument to demonstrate the proposition that by virtue of the conveyances from Eva Duggan to Van Allen, and from Van Allen to plaintiff, it succeeded to all the rights of Mrs. Rosin, the mortgagee and purchaser at the foreclosure sale, and that if the statute of 1917, extending the time

for redemption, would be void as to her it would also be void as to plaintiff.

1. It is settled by the case of *Barnitz* v. *Beverly,* 163 U. S. 118 (41 L. Ed. 93, 16 Sup. Ct. 1042), that, to use the language of the syllabus,—

"A state statute, which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage."

2. Prior to the passage of the amendment of 1917 the mortgagor, if he had not parted with his title to the property, had one year within which to redeem. This was the situation when the mortgage in question was executed. By the terms of the act of 1917 it was provided that, upon the happening of a certain contingency, namely: The failure of the property to bring the amount of the mortgage when sold, the judgment debtor should be permitted to redeem and he should, after the expiration of one year, have ten days' additional time within which to make such redemption. This constitutes a clear extension of the time for redemption from one year to one year and ten days, and also gives the mortgagor a right of redemption where no such right existed before. In our judgment, such extension cannot apply to a mortgage executed before the last named statute was enacted.

The case of *Hooker* v. *Burr,* 194 U. S. 415 (48 L. Ed. 1046, 24 Sup. Ct. Rep. 706), is relied upon by counsel for defendant as modifying, in some degree, the rule laid down in *Barnitz* v. *Beverly,* 163 U. S. 118 (41 L. Ed. 93, 16 Sup. Ct. Rep. 1042), but we do not see

that it in any way sustains defendant's contention here. In that case Spencer and wife mortgaged property to Swiggert, who assigned the mortgage to Bishop, who brought suit thereon and caused Burr, the sheriff, to sell the mortgaged premises. Hooker, who had no connection with the mortgage or any lien upon the land, purchased the property at the sale for a sum greatly in excess of the amount of the mortgage. One Rhodes, who was a judgment creditor of Spencer, the mortgagor, assumed to redeem by paying to the sheriff the amount of the purchase price paid by Hooker, together with one per cent per month interest, as required by the statute then in force. This the sheriff accepted, but Hooker refused to receive it, and thereafter Burr executed a deed to Rhodes. Hooker brought a suit to set this deed aside for the alleged reason that when the mortgage was executed the law of California provided that a judgment debtor, or redemptioner, might redeem from the purchaser at a foreclosure sale at any time within *six months* after the sale, by paying the purchase money and *two* per cent interest; and that in the case then at bar the redemptioner had allowed more than six months to elapse and had paid the purchase money only and *one* per cent interest. It appeared that after the execution of the mortgage but before the foreclosure and sale, the law had been amended so as to permit a redemption within one year and reducing the interest from two per cent to one per cent. Hooker contended that these provisions were void as to him, because they impaired the obligation of a contract. It was held in substance that Hooker, being an independent purchaser, was not in privity with the original mortgagee; that as the original mortgage debt had been paid in full, from the sale of the property, and the mortgagee had not been a pur-

chaser at the sale, he was not affected by a technical violation of a contract, which violation could not possibly injure him, and that a discussion of whether the contract—as between him and the mortgagor—had been impaired would be purely academic. Concluding this branch of the discussion, the court said:

"The question of the impairment of the mortgage contract therefore, is not before us as between mortgagor and mortgagee."

The court says further:

"We are of the opinion that, as to the plaintiff in error, an independent purchaser at the foreclosure sale, having no connection whatever with the original contract between the mortgagor and mortgagee, his rights are to be determined by the law as it existed at the time he became a purchaser, unless upon action taken by the mortgagee the property had been sold under a decree providing that it should be sold without regard to the subsequent legislation which impaired his contract. The purchaser bought at the time when the law as altered was in operation, and, so far as he was concerned, it was a valid law; his contract was made under that law, and it is no business of his whether the original contract between the mortgagor and mortgagee was impaired or not by the subsequent legislation. He cannot be heard to contend that the original law applies to him, because a subsequent statute might be void as to some one else. The some one else might waive its illegality or consent to its enforcement, or the question might have no importance, because the property sold for enough to pay the debt, even though there was an abstract impairment of the obligation of his contract.

"The purchaser must found his rights upon the law as it existed when he purchased. An alteration after he had purchased, to his prejudice, would be a different thing: Cooley on Const. Limitations (4 ed.), 356. We agree that the law existing when a mortgage is

made enters into and becomes a part of the contract, but that contract has nothing to do, so far as this question is concerned, with the contract of a purchaser at a foreclosure sale having no other connection with the mortgage than that of a purchaser at such sale. His rights regarding matters of redemption are to be determined as we have' stated.''

The sum of the whole opinion seems to be that as between the mortgagor or his assignee and the mortgagee, such mortgagee or his assignee has the right to insist upon redemption, according to the requirements of the statute in force at the time the mortgage was executed, but that an independent purchaser at the mortgage sale has no such privity with the contract between the mortgagor and mortgagee, as entitles him to insist on redemption in accordance with the law existing at the time of execution; but on the contrary, will take the property subject to the provisions of the law in force at the time of the sale.

3. The logic of the opinion seems, to the writer, to be questionable, but it is the decision of the highest court of the land upon a question arising under the Constitution of the United States, and this court must accept it.

The case at bar stands upon a different footing. Here the mortgagee was the purchaser at the foreclosure sale. The property did not bring the amount of the mortgage. On May 2, 1919, Mrs. Rosin conveyed to petitioner herein all her right, title and interest in the property which, in effect, conveyed all her rights arising under the certificate of sale executed to her when she purchased the property. Plaintiff was not an independent purchaser at the sale, but derived its right through Mrs. Rosin, the original mortgagee, and stood in her shoes. As Mrs. Rosin had a right

to insist on redemption within a year from the confirmation of the sale, petitioner, as her successor, had the same right. The fact that Mrs. Rosin succeeded in collecting the deficiency due her from the mortgagor by subsequently levying upon and selling other property of the mortgagor, can make no difference in the result. By virtue of the law existing at the time of the execution of the mortgage, which law was just as much a part of the contract as if it had been written into it, Mrs. Rosin was entitled to receive a deed at the end of the one year from the confirmation of the sale, if a sale of the property should become necessary. The law then specified no contingency under which this time could be extended. If it was competent for the legislature, after the mortgage had been executed, to extend the time for redemption ten days, there is no logical reason why it could not extend it for a year or even for a longer period. The length of time which a purchaser at a foreclosure must wait after confirmation before he can secure a full and indefeasible title to the premises offered for sale, might and frequently would influence him in making his bid. The law of the contract gave the mortgagee the right to receive a deed for the premises at the end of one year from the confirmation of sale. The law of 1917 extended this time to one year and ten days if a certain contingency should happen. To this extent it impaired the contract and is therefore inapplicable.

4. Another question is raised in regard to the sufficiency of the decree to support a sale. It appears that the mortgage described the property as situated in "Blackistone Addition" to the City of Portland, while the complaint and decree describe it as situated in "Blackstone's Addition." It is admitted in the petition and writ that the property sold was the identical

property mortgaged. The names "Blackistone" and "Blackstone" are so similar as to come fairly within the rule of *idem sonans*.

A judgment will be entered directing the sheriff to execute a deed to the petitioner.     WRIT ALLOWED.