STATE OF OREGON,
Acting by and through
the Director of Veterans' Affairs,
*Plaintiff,*

*v.*

PETERSEN,
*Respondent,*

PETERSEN et al,
*Defendants,*

*and*

NEWMAN,
*Appellant.*

(82-1634-C; CA A43977)

766 P2d 386

Brian W. O'Brien, Portland, argued the cause and filed the brief for appellant.

Magar E. Magar, Portland, argued the cause and filed the brief for respondent.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Rives Kistler, Assistant Attorney General, Salem, filed a brief *amicus curiae* for the State of Oregon.

Ridgway K. Foley, Jr., William E. Love, Mildred J. Carmack and Schwabe, Williamson & Wyatt, Portland, filed a brief *amicus curiae* for Oregon League of Financial Institutions, Oregon Bankers Associated and Oregon Mortgage Bankers Association.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Appellant (purchaser) appeals an order that required that the sheriff of Washington County issue to Petersen (mortgagor) a certificate of redemption for real property that purchaser bought at a mortgage foreclosure sale on March 26, 1986, if mortgagor were to tender the redemption amount less than one year after the sale.[1] We reverse.

Mortgagor gave a mortgage on the property to the Department of Veterans' Affairs (DVA) on April 3, 1968. At that time, ORS 23.560(1) provided a one-year redemption period. In November, 1984, DVA obtained a judgment of foreclosure. In 1985, the legislature amended ORS 23.560(1) to reduce the redemption period to 180 days. Or Laws 1985, ch 760, § 2. The 1985 Act included a provision that the amendment

"applies to property sold upon execution on or after the effective date of this Act."

On March 26, 1986, the sheriff sold the property to purchaser upon execution at a foreclosure sale. Mortgagor did not file objections to the sale and, on May 1, 1986, the court entered an order confirming the sale, which recited that "the time for redemption pursuant to ORS 23.560(1) is 180 days after the date of sale."[2] On March 19, 1987, which was more than 180 days but less than one year after the sale, mortgagor

---

[1] Mortgagor has filed a petition in bankruptcy. An order of the United States Bankruptcy Court for the District of Oregon, dated August 23, 1988, recites:

"ORDERED that the stay imposed by 11 USC § 362 be, and the same hereby is, modified to provide that it shall not apply to the appeal from the Circuit Court of the State of Oregon, Washington County, Case No. 82 1634C, now on appeal to the Court of Appeals of the State of Oregon, CA No. A 43977 and that said appeal may proceed according to the usual course of practice."

[2] At the times of the foreclosure sale and the subsequent redemption, ORS 23.560(1) provided:

"The mortgagor or judgment debtor whose right and title were sold, or the heir, devisee or grantee of the mortgagor or judgment debtor, who has acquired by inheritance, devise, deed, sale, or by virtue of any execution or by any other means, the legal title to the property sold, may, at any time within *180 days* after the date of the sale, redeem the property; provided that a transfer of the judgment debtor's interest in the property, either before or after sale, shall preclude the judgment debtor from the right to redeem unless the proceeds from the sale are insufficient to satisfy the judgment, in which event the judgment debtor shall have the right to redeem at any time within 10 days after the *180 days* herein allowed for redemption, and not otherwise." (Emphasis supplied.)

notified purchaser of her intent to redeem. ORS 23.570(1). On March 24, 1987, she filed a motion for an order "directing the Sheriff of Washington County to appear and show cause why the redemption * * * should not proceed." After hearing, the court entered an order (the redemption order) to the sheriff to issue a certificate of redemption to mortgagor if she were to tender $22,000 on or before March 25, 1987. She did, and the sheriff issued the redemption certificate.

■ Purchaser argues that the court erred when it entered the redemption order, because mortgagor did not file objections to the sale or appeal from the order confirming sale.[3] His argument is not persuasive. ORS 23.490(2) requires the court to "allow the order confirming the sale, unless * * * it satisfactorily appears that there were substantial irregularities in the proceedings concerning the sale." An order confirming sale is a "conclusive determination of the *regularity* of the proceedings *concerning such sale.*" ORS 23.490(4). (Emphasis supplied.) The recital in the order confirming sale that mortgagor had 180 days to redeem is not an "irregularity of the proceedings concerning such sale" and does not bar the mortgagor from redeeming within a year if she is otherwise entitled to do so. Mortgagor's failure to file objections to the sale or to appeal the order confirming sale does not affect her redemption rights.[4]

■ Purchaser argues that in the 1985 Act the legislature expressly shortened the redemption period to 180 days if the sheriff sold the property on execution after the effective date of the Act, even though the mortgage was executed previously. He asserts that the court erred when it entered the redemption order, because 180 days had already elapsed since the foreclosure sale. Mortgagor responds that Article I, section 10, of

---

[3] An order confirming a sale is appealable. ORS 19.010(2)(c).

[4] Mortgagor also asserts that she filed a Chapter 13 bankruptcy petition after the sale, but before the order confirming it. She argues that the court entered the order confirming the sale in violation of the automatic stay provided in 11 USC § 362(a) and that the order, therefore, is "void." We assume that a logical consequence of her argument is that, because the order confirming sale is "void," any error which the court made when it entered the redemption order is of no importance. On this record, we do not consider the merits, if any, of mortgagor's argument. She did not assert the issue of "voidness" below and, among other things, introduced no evidence of, and there is nothing in the record to show, the date on which mortgagor filed the bankruptcy petition. *See* n 1, *supra.*

the United States Constitution, which provides that "no state shall * * * pass any * * * Law impairing the Obligation of Contracts * * *," precludes application of the 1985 Act to a mortgage executed before its effective date.[5] Purchaser rejoins that application of the 1985 Act to mortgages executed before its effective date does not impair an obligation of contract, but merely alters a mortgagor's remedy after a foreclosure sale.

The 1985 Act states that it applies to property sold on execution after its effective date. The legislature intended that it apply to mortgages executed before that date, if the security were sold on execution after that date. The issue, however, is whether, as applied, the 1985 Act violates Article I, section 10.

In *Barnitz v. Beverly,* 163 US 118, 16 S Ct 1042, 41 L Ed 93 (1896), the Court held that Article I, section 10, prohibited application of state legislation authorizing a redemption period where none had previously existed to a mortgage executed before the effective date of the legislation. *Barnitz* declared that "the laws which prescribe the mode of enforcing a contract, which are in existence when it is made, are so far a part of the contract that no changes in these laws which seriously interfere with that enforcement are valid, because they impair its obligation." 163 US at 122. It stated that, if a statute impairs the obligation of the contract, "it is immaterial whether it is done by acting on the remedy or directly on the contract itself." 163 US at 123. In *State ex rel. v. Sears,* 29 Or 580, 46 P 785 (1896), the Oregon Supreme Court followed *Barnitz* and held that a state law that extended the statutory redemption period from four months to twelve months could not be applied to mortgages entered into before the effective date of that law, even though the foreclosure sale was held after that date. In *State v. Hurlburt,* 93 Or 34, 182 P 169 (1919), the court again relied on *Barnitz* and refused to apply a state law that extended the statutory redemption period to mortgages executed before its enactment.

In *Homebuilding & Loan Ass'n v. Blaisdell,* 290 US 398, 54 S Ct 231, 78 L Ed 413 (1934), however, the United States Supreme Court held that the "Minnesota Mortgage Moratorium Law," which permitted a court to extend the

---

[5] Mortgagor does not argue that application of the shorter redemption period violates Article I, section 21, of the Oregon Constitution.

period of redemption for mortgage foreclosure sales for a limited time, did not violate Article I, section 10, although the mortgages foreclosed were executed before the law took effect. The Court said that a state may exercise its police power to protect the public health and safety. Mortgages are executed subject to the "reservation of essential attributes of sovereign power." Because the police power is one of the essential attributes of a state's sovereign power, Minnesota could pass a law affecting mortgages that predated the law, providing that it was addressed to a legitimate end and was reasonably drawn to accomplish that end. 290 US at 445. The Court held that the Minnesota law enacted to address existing financial conditions was "addressed to a legitimate end, that is * * * not for the mere advantage of particular individuals but for the protection of a basic interest of society." 290 US at 445. The Court then concluded that the conditions for extension of the period of redemption were not unreasonable, because the debt was not directly impaired, the mortgagee's right to a deficiency judgment was not altered, interest continued to run during the extended period and the mortgagor in possession had to pay the rental value of the premises.

In the light of *Blaisdell,* the earlier cases no longer govern. Although the 1985 Act shortens rather than extends the statutory redemption period, we believe that our analysis should not depend on whether the party who suffers the detriment from a change in the redemption period is the mortgagor or the mortgagee, if the change is reasonably drawn to accomplish a legitimate end.

The 1985 Act does not violate Article I, section 10, because mortgagor gave the mortgage and DVA took it subject to Oregon's police power. The legislature enacted the 1985 Act to reduce mortgagees' and judgment creditors' costs to hold, maintain and repair foreclosed property during the redemption period. Although most of the discussion focused on DVA's experience with foreclosed properties, the Senate committee that considered the legislation recognized that many mortgagees and judgment creditors experienced similar problems when they handled foreclosed properties. The committee understood that the amendment would affect mortgagees and

judgment creditors in general and intended that it do so.[6] The legislature believed that, by shortening the redemption period mortgagees, including DVA, and judgment creditors, would be able to sell foreclosed properties more quickly and profitably and reduce expenses to them. The state's protection of property is a legitimate objective of its police power. Moreover, the 1985 Act is reasonably drawn to accomplish that end.[7] It does not extinguish a mortgagor's right to redeem, and the legislature could determine that 180 days is a reasonable period in which a redemptioner may exercise that right.

We conclude that the 1985 Act does not impair the obligation of a contract within the meaning of Article I, section 10. ORS 23.560(1), as amended by the 1985 Act, applies. Accordingly, the court erred when it ordered the sheriff to permit mortgagor to redeem untimely.[8]

Reversed and remanded.

---

[6] Senator Simmons, who proposed the amendment to ORS 23.560(1) that shortened the redemption period from one year to six months, testified that the records on redemptions with larger lenders showed that their experience with whether redemption ever occurred varied from "never to hardly ever." Minutes, Senate Committee on Business, Housing and Consumer Affairs, June 7, 1985, 4-5, and June 11, 1985, 3-5, and Tape 124A, 130A.

[7] The Senate Committee considered the number of redemptions compared to foreclosures for both DVA and private lending institutions. It also considered that the average period of redemption for DVA foreclosures was 4.8 months. Minutes, Senate Committee on Business, Housing and Consumer Affairs, June 11, 1985, 3-5, and Tape 130A.

[8] Because of our disposition, we do not address purchaser's other assignment of error.