DEHOOG, P. J.
*654 *177 South Valley Bank & Trust obtained a money judgment against an individual, John Batzer, in Josephine County. This appeal arises from a dispute regarding a writ of execution that South Valley obtained against real property located in Deschutes County in an effort to execute on that judgment. In anticipation of seeking the writ, South Valley recorded its judgment in Deschutes County. Two days before South Valley recorded the judgment, however, Batzer deeded the property to himself as trustee of North Pacific Trust (NPT). NPT recorded the deed 10 days after South Valley recorded the judgment. Several months later, South Valley obtained a writ of execution and an order authorizing sale of the property based on an assertion that Batzer owned the property. In the proceedings at issue in this appeal, NPT challenged the writ of execution and the order authorizing sale.
In an order, the trial court denied NPT's ORCP 71 B motion to vacate the writ of execution and the order authorizing sale. In the same order, the court struck as untimely and, alternatively, denied on the merits NPT's challenge to the writ of execution brought under ORS 18.892(3).[1] NPT appeals that order pursuant to ORS 19.205(3) and, in four assignments of error, raises essentially three challenges to the court's rulings, contending that (1) the court erred in denying the writ challenge on the merits without holding an evidentiary hearing to allow NPT to prove that it had purchased the real property from Batzer in good faith and for consideration; (2) under ORCP 71 B, the trial court was required to vacate the writ and the order authorizing sale because they were issued based on the mistaken assertion that Batzer owned the property; and (3) the trial court erred in striking NPT's challenge to the writ as untimely.
We begin by addressing the trial court's denial of the writ challenge on the merits. We conclude, as the trial court did, that, as a matter of law, Batzer's transfer of the *178 property to NPT was void under ORS 18.165.[2] Thus, Batzer, and not NPT, is the owner of the property. As further explained below, that conclusion answers or obviates the need for us to address all of NPT's remaining contentions. That is, the trial court was not required to hold an evidentiary hearing on the writ challenge because there was no dispute as to any material fact; the court did not abuse its discretion in denying the ORCP 71 B motion because Batzer, not NPT, owned the property; and the court's correct conclusion on the merits obviates the need for us to address its alternative ruling striking the writ challenge as untimely. Accordingly, we affirm.
We review a trial court's construction and application of a statute for legal error, State v. Branam , 220 Or. App. 255, 258, 185 P.3d 557, rev. den. , 345 Or. 301, 194 P.3d 147 (2008), applying the analytical framework set out in State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). The following facts are undisputed for purposes of this appeal. In 2010, Batzer, as an individual, obtained title to the real property at issue, which is located in Deschutes County. For the next three years, NPT, for which Batzer served as trustee, rented out the property and reported the rental income on NPT's tax returns. However, Batzer did not, during that time, record any conveyance from himself as an individual to himself as trustee of NPT.
In March 2013, South Valley obtained a judgment against Batzer in Josephine County Circuit Court. When the judgment was entered, Batzer was the trustee of NPT and *655 owned a one percent beneficial interest in the trust.
On November 20, 2013, Batzer, acting in his individual capacity, tendered a deed to himself as trustee of NPT. The deed stated, "This deed is being recorded to memorialize the transfer of ownership created June 14, 2010." (Capitalization modified.) The deed also stated, "The true and actual consideration paid for this transfer, stated in terms of dollars, is $ n/a."
Two days later, on November 22, 2013, South Valley recorded its judgment against Batzer in Deschutes County.
*179 On December 2, 2013, the deed from Batzer to NPT was recorded in the Deschutes County deed records.
In May 2014, South Valley moved in Josephine County Circuit Court for an order authorizing sale of the Deschutes County property. In an affidavit supporting the motion, South Valley's counsel asserted that "Defendant John E. Batzer is the owner" of the property. South Valley served the motion on Batzer as an individual, but did not serve NPT. In August 2014, the court entered an order authorizing the levy and sale of the property, and, in September 2014, the Josephine County trial court administrator issued a writ of execution for the property.
Later in September, the Deschutes County sheriff filed a notice of levy with the Deschutes County Circuit Court. In January 2015, the sheriff filed an amended notice of levy, this time in Josephine County Circuit Court. NPT filed its challenge to the writ of execution the same day. Shortly thereafter, South Valley moved to strike the challenge as untimely. A few weeks later, NPT moved under ORCP 71 B to vacate the order authorizing sale.
Because ORS 18.165 is central to the parties' arguments to the trial court and on appeal, we set it out as background before summarizing those arguments and the trial court's reasoning. ORS 18.165 provides as follows:
"(1) If a judgment with lien effect under ORS 18.150, 18.152 or 18.158 is entered or recorded in a county before a conveyance, or a memorandum of a conveyance, of real property of the debtor is recorded in that county, the conveyance of the judgment debtor's interest is void as against the lien of the judgment unless:
"(a) The grantee under the conveyance is a purchaser in good faith for a valuable consideration, the conveyance is delivered and accepted before the judgment is entered or recorded in the county where the property is located and the conveyance or memorandum of the conveyance is recorded within 20 days after delivery and acceptance of the conveyance, excluding Saturdays and legal holidays under ORS 187.010 and 187.020 ;
"(b) The judgment creditor has actual notice, record notice or inquiry notice of a conveyance of the debtor's *180 interest to a grantee when the judgment is entered or recorded in the county;
"(c) The conveyance by the debtor is a fulfillment deed entitled to priority over the judgment under ORS 93.645 [which relates to land-sale contracts]; or
"(d) The conveyance is a mortgage, trust deed or other security instrument given by the debtor to secure financing for the purchase by the debtor of the real property described in the conveyance.
"(2) For the purpose of subsection (1)(a) of this section, a memorandum of conveyance must contain the date of the instrument being memorialized, the names of the parties, a legal description of the real property involved and a description of the nature of the interest created. The memorandum must be signed by the person from whom the interest is intended to pass, and be acknowledged or proved in the manner provided for the acknowledgment or proof of deeds.
"(3) As used in this section:
"(a) 'Conveyance' means a deed, a land sale contract, an assignment of all or any portion of a seller's or purchaser's interest in a land sale contract or any other agreement affecting the title of real property within this state, including a trust deed, a mortgage, an assignment for security purposes or an assignment solely of proceeds, given by a purchaser or seller under a land *656 sale contract or given by a person with title to the real property.
"(b) 'Grantee' means:
"(A) The person deemed to be the mortgagee under a trust deed pursuant to ORS 86.715 ; and
"(B) Any other person to whom the interest that is the subject of a conveyance is intended to pass."
The trial court held two nonevidentiary hearings on NPT's ORCP 71 B motion and writ challenge. At those hearings, the parties made their legal arguments. NPT asked the court to set an evidentiary hearing, and South Valley contended that an evidentiary hearing was unnecessary because the relevant facts were undisputed.
In South Valley's view, Batzer's transfer of the property to NPT was void under ORS 18.165(1) as a matter of *181 law. South Valley asserted that, under that statute, the general rule is that, once a judgment is recorded in a county, any unrecorded or later-recorded conveyance of real property of the judgment debtor is void as against the judgment lien. In its view, the 2013 deed was such a conveyance, so it was void unless it met one of the exceptions in ORS 18.165(1). Furthermore, South Valley contended, on the undisputed facts, that the conveyance to NPT did not fall within the exception set out in ORS 18.165(1)(a) for two reasons: First, the grantee of the deed-Batzer, as trustee of NPT-could not be a purchaser in good faith because Batzer, in his individual capacity, was also the grantor. Second, the deed itself demonstrated that there had been no consideration for the conveyance because it stated, for "consideration," "n/a."
NPT responded that whether it was a good faith purchaser for consideration was an issue of fact because it had equitable title to the property before the 2013 deed. In its view, the 2013 deed was a correction deed that should be understood to relate back to the time of the 2010 intended transfer. Consequently, it contended that it should be able to put on evidence to prove that, in 2010, the property was transferred in good faith and for consideration.
In a letter opinion, the court concluded that South Valley was correct that the rule of ORS 18.165(1) applied and the exception in ORS 18.165(1)(a) did not apply. The court concluded that the deed from Batzer as an individual to Batzer as trustee was the relevant "conveyance" under ORS 18.165(1). The court also determined that the exception in ORS 18.165(1)(a) did not apply because, as a matter of law, on the undisputed facts, that conveyance was neither to a good faith purchaser nor for consideration. Finally, the court agreed with South Valley's position, which NPT did not challenge, that none of the other three exceptions to the general rule, set out in ORS 18.165(1)(b) through (d), applied. Accordingly, it denied NPT's motion to vacate the writ and order and denied its writ challenge.
On appeal, NPT does not challenge the trial court's conclusion that ORS 18.165(1) applies, and it accepts that South Valley's recording of the judgment in Deschutes County took place "before a conveyance, or a memorandum *182 of a conveyance, of" the disputed property was "recorded in that county."[3] ORS 18.165(1). Having accepted that premise, NPT argues that whether it was a purchaser in good faith for consideration-and so whether ORS 18.165(1)(a) saves the 2013 deed from being void under the general rule of ORS 18.165(1) -is a question of fact because NPT obtained equitable title to the property in 2010 and the questions of good faith and consideration have to be assessed as of the 2010 transfer. That is so, it argues, because "[t]he 2013 conveyance was grantor's act to true-up the title record to reflect the reality of how the property had been transferred and treated since 2010-as NPT's sole property."
As that articulation of NPT's position demonstrates, NPT appears to acknowledge that, under ORS 18.165(1)(a), the relevant conveyance is the 2013 deed. That is, that deed is the only "conveyance [that was] recorded *657 within 20 days after delivery and acceptance of the conveyance" and, consequently, is the only conveyance with the potential to qualify for the exception in ORS 18.165(1)(a). Thus, the material dispute here is whether the property transfer underlying the 2013 deed was to a purchaser in good faith and for valuable consideration. NPT contends that, at an evidentiary hearing, it would show that the transfer met both requirements because the relevant transfer actually took place in 2010, at which time both conditions were satisfied.
The difficulty with NPT's argument is that it has not identified any principle that would allow a deed that was executed and delivered in 2013 to retroactively effectuate a transfer of title to the property that purportedly occurred in 2010. In general, a deed is effective-it effectuates a transfer of a property interest-upon delivery. Halleck v. Halleck , 216 Or. 23, 28-29, 337 P.2d 330 (1959) ("[D]elivery describes the passage of a property interest, normally the full legal title, from the grantor to the grantee. The interest passes if the grantor manifests the intention to pass it immediately-in the case of transfers of interest in real *183 property the intention to make legally operative a properly executed deed."); Richard R. Powell, 14 Powell on Real Property § 81A.04[2][a] (Michael Allan Wolf ed., 2000) ("A deed becomes effective as of the date of its delivery.").
Under that general rule, the deed was effective-that is, it transferred title to the property-on November 20, 2013, when it was executed and delivered, and not on any earlier date. The deed did recite that it memorialized a transfer that took place in 2010. NPT does not explain, however, nor do we perceive, how that recitation, or any possible constellation of extrinsic facts, could effectively convert a 2013 deed into a 2010 conveyance for any purpose, much less for purposes of ORS 18.165(1)(a). Thus, under these particular circumstances, the question under the statute is whether NPT was a purchaser in good faith for consideration on November 20, 2013, not whether it was a purchaser in good faith for consideration at the time of the purported 2010 transfer.
As noted above, NPT contended before the trial court that the 2013 deed was a "correction deed" that related back to the 2010 intended transfer. It does not renew that argument on appeal, most likely because the correction deed statute provides that "[a]n instrument that has been previously recorded may be rerecorded to make corrections in the original instrument." ORS 205.244(1) (emphasis added). As explained above, no one contends that any instrument purporting to transfer title to NPT was recorded until the 2013 deed.[4] The correction deed statute does not allow the 2013 deed to effectuate an unrecorded 2010 transfer of a property interest. Nor does NPT provide any other explanation for how the 2013 deed could have effectuated a transfer that took place three years earlier.
In the absence of further explanation by NPT of why good faith and consideration for the 2013 deed should be evaluated as of 2010, we agree with the trial court's conclusion that the applicability of ORS 18.165(1)(a) turns on whether Batzer, as trustee of NPT, was a purchaser in good *184 faith when the deed was delivered on November 20, 2013, and whether consideration existed for that November 20, 2013, transfer.
We turn to those questions. As we will explain, we reject NPT's argument that the trial court erred in determining that, as a matter of law, there was no consideration for the 2013 deed. Consequently, we need not, and do not, consider whether Batzer as trustee could have been a purchaser in good faith from Batzer as an individual.
NPT contends that the deed's recitation of "n/a" for consideration is ambiguous: "[T]he 2013 deed * * * was accurate at the time because no new consideration was given, but the deed did not intend to reflect the original consideration, so an ambiguity arises about the original consideration." Consequently, NPT asserts, it was entitled to an evidentiary hearing on whether there was consideration *658 for the relevant transfer so that it could present evidence that any necessary consideration was given at the time of the 2010 transfer.
We understand NPT to argue that the 2013 deed's recitation of "n/a" for consideration was ambiguous because the actual transfer of property rights took place in 2010, and the 2013 deed merely reflected that transfer. Given those circumstances, NPT reasons that the 2013 deed states "n/a" for consideration because the consideration given for the 2010 transfer was not given for the 2013 deed; that consideration was given for the separate 2010 transfer.
Our earlier conclusion that the only relevant transfer took place in 2013 disposes of the premise underlying that argument, which is that consideration given for a separate transfer in 2010 could satisfy ORS 18.165(1)(a). As explained above, the 2013 deed transferred Batzer's interest in the property on November 20, 2013, when the deed was delivered. And, under ORS 18.165(1)(a), the only consideration relevant to that 2013 transfer is consideration for that transfer , and not consideration given for a different transfer that reportedly took place in 2010. See ORS 18.165(1)(a) (requiring that "[t]he grantee under the conveyance is a purchaser * * * for a valuable consideration"). Because we have rejected NPT's argument that the 2010 transfer was *185 the relevant transfer under ORS 18.165(1)(a), whether there was consideration for the 2010 transfer is immaterial; consequently, it also does not matter whether the 2013 deed can be read to reflect that there was consideration for that earlier transfer.
There remains the possibility that NPT intends to argue that the deed's recitation of "n/a" for consideration is ambiguous even with respect to consideration for the 2013 transfer. NPT may contend that "n/a" can be understood to mean either that there was no consideration given for the 2013 transfer or simply that no consideration for that transfer was given at the time of the transfer. That is, under the latter reading, the deed could leave open the possibility that consideration for the 2013 transfer was paid in 2010.
We disagree that "n/a" can plausibly be read in that manner. See Pacific First Bank v. New Morgan Park Corp. , 319 Or. 342, 348, 876 P.2d 761 (1994) ("Words or terms of a contract are ambiguous when they reasonably can, in context, be given more than one meaning."); James B. House Living Trust v. Thompson , 230 Or. App. 595, 600, 217 P.3d 228 (2009) (Supreme Court's framework for construing contracts applies to deeds). The deed recites that "[t]he true and actual consideration paid for this transfer , stated in terms of dollars, is $ n/a." (Emphasis added.) In light of that recitation-that no consideration applies to the transfer reflected in the 2013 deed-the deed cannot reasonably be read to say that there was consideration for that transfer, whether in 2010 or at any other time. See Eagle Industries, Inc. v. Thompson , 321 Or. 398, 405, 900 P.2d 475 (1995) (whether a contract is ambiguous is a question of law). Accordingly, the trial court did not err in concluding that there was no consideration under ORS 18.165(1)(a).[5]
It follows that the trial court correctly concluded that the deed to NPT did not qualify for the exception in *186 ORS 18.165(1)(a) and thus was void under ORS 18.165(1). As a result, the court's conclusion that Batzer owned the property was also correct. And, because NPT did not own the property subject to the writ, the court did not err in rejecting NPT's writ challenge on the merits. See ORS 18.892(3) ("Any person other than a judgment debtor who has an interest in any property levied on by a sheriff may assert that interest [in a writ challenge].").
Further, as we have explained, the court arrived at its determination that Batzer owned the property as a matter of law on the undisputed facts; thus, there was no need for *659 an evidentiary hearing under ORS 18.898(1), which provides the procedural requirements for challenges to execution. See ORS 18.898(1) ("A challenge to execution shall be adjudicated in a summary manner at a hearing before the court with authority over the writ of execution."); FountainCourt Homeowners v. FountainCourt Develop. , 360 Or. 341, 358-59, 380 P.3d 916 (2016) (under an identically worded procedural statute, resolving, on the merits, issues that "involve questions of law concerning the interpretation of the insurance policies in light of undisputed facts" without addressing arguments about the requirements of an evidentiary hearing).
Likewise, the trial court acted permissibly in denying NPT's motion under ORCP 71 B to vacate the order authorizing sale. NPT argues that the court was required to grant that motion because the order was issued based on an incorrect statement by South Valley's counsel that Batzer owned the property. It contends that the court was required to vacate the order because South Valley's misstatement caused the order to be issued despite the fact that, in NPT's view, it, not Batzer, owned the property. Our conclusion that the court correctly concluded that ORS 18.165(1) voided the deed to NPT resolves that dispute: NPT did not own the property, so its argument based on that erroneous premise necessarily fails.
Finally, to the extent that NPT means to argue that, regardless of whether the deed from Batzer to NPT was valid, the entry of the order authorizing sale violated NPT's due process rights, NPT does not explain how the *187 entry of the order violated its rights or why any such deprivation compelled the trial court to vacate the order. In short, the argument is insufficiently articulated for our review and so we do not address it. See Beall Transport Equipment Co. v. Southern Pacific , 186 Or. App. 696, 700, 64 P.3d 1193, adh'd to on recons. , 187 Or. App. 472, 68 P.3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself").
Affirmed.

ORS 18.892(3) provides that "[a]ny person other than a judgment debtor who has an interest in any property levied on by a sheriff may assert that interest by delivering a challenge to execution in the manner provided by subsection (4) of this section."

The text of ORS 18.165 is set out below, 291 Or. App. at ----, --- P.3d at ----.

On appeal, NPT does contend, for the first time, that its use of the property as a rental property from 2010 to 2013 was "sufficient to place anyone on constructive notice that NPT, not Batzer, was the true owner." We do not address that argument because NPT did not raise it in any form before the trial court and, consequently, it is not preserved.

NPT does not argue that the 2010 deed to Batzer individually, which apparently was recorded, was itself an erroneous deed that the 2013 deed sought to correct under ORS 205.244(1).

NPT contends only that it was entitled to present evidence regarding consideration because the deed was ambiguous; it does not contend that it was entitled to present extrinsic evidence of consideration regardless of the deed's recitation of consideration. Thus, our conclusion that the deed unambiguously states that there was no consideration for the relevant transfer disposes of NPT's argument that the trial court was required to hold an evidentiary hearing on the issue of consideration.